UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL NO. 3:04-cr-00155-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff/Respondent, | ) | |
| vs. | ) | ORDER |
| DAVID MICHAEL JERNIGAN, | ) | |
| Defendant/Petitioner. | ) | |

**THIS MATTER** is before the Court on Defendant/Petitioner David Michael Jernigan's ("Petitioner") Motion to Return Property. (Doc. No. 74). Petitioner seeks the return of ten firearms seized from his residence in 2003 during the execution of a federal search warrant. (Doc. No. 75). For the reasons set forth in the Government's Response and Sur-Reply, (Doc. Nos. 75, 84), Petitioner's Motion is **GRANTED IN PART**, and **DENIED IN PART**.

Based on the pleadings and records in this matter, the Court FINDS AS A MATTER OF FACT THE FOLLOWING:

On March 20, 2003, the Bureau of Alcohol, Tobacco, and Firearms ("ATF") seized forty-two (42) machine guns and silencers meeting the definition of "firearm" under the National Firearms Act during the execution of a search warrant at Petitioner's residence. In or around 2003, Petitioner filed an administrative petition for remission or mitigation (the "2003 petition") alleging that ten of the seized firearms were his personal property and could, therefore, be legally returned to him. Petitioner did not bring a legal claim.

On October 4, 2003, ATF informed Petitioner of its decision granting in part, and denying in part, the 2003 petition. ATF granted the 2003 petition as to three firearms—

1

specifically, three Ingram M-10 machine guns. The Government later inadvertently destroyed these three Ingram machine guns before they were returned to Petitioner. Accordingly, the Government has made an offer to remit to Petitioner a fair market value of $6,495.00 per firearm in question, for a total payment of $19,485.00. Petitioner accepts this valuation.

ATF denied the 2003 petition as to the remaining seven firearms alleged to be Petitioner's personal property, but simultaneously referred two items of denied items to the United States Attorney's office in Charlotte, North Carolina. The two items referred to the U.S. Attorney were eventually forfeited by consent in this criminal case.

Petitioner did not file a claim to any of the seven firearms for which ATF denied remission. Moreover, Petitioner did not appeal ATF's decision during the administrative process. After Petitioner failed to take any action upon receipt of ATF's denial as to the seven firearms in question, ATF completed the forfeiture process prior to Petitioner's indictment on June 26, 2004.

On July 19, 2006, the Government and Petitioner entered into a Plea Agreement under which Petitioner plead guilty to violating 18 U.S.C. § 371. The Plea Agreement contains no reference whatsoever to any of the seven firearms now in dispute. The Plea Agreement does, however, make quite clear that were no "agreements, representations, or understanding between the parties in this case, other than those explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all parties." (Doc. No. 53, p. 8).

**LEGAL STANDARD AND DISCUSSION**

Judicial review of administrative forfeiture is generally limited to alleged violations of constitutional due process, such as a failure to provide proper notice. See 18 U.S.C. § 983(e) (motions to set aside forfeiture for lack of notice must be filed within five years from the date of seizure). Here, Defendant makes no allegations of insufficient or improper notice. Judicial

review of the merits of an administrative forfeiture is unavailable to claimants who fail to file a claim that triggers an agency referral to the U.S. Attorney. See Malladi Drugs and Pharmeceuticals, Ltd. V. Tandy, 552 F.3d 885, 889 (D.C. Cir. 2009); United States v. Eubanks, 169 F.3d 672, 674 (11 Cir. 1999). Here, again, Petitioner did not file a claim as to any of the firearms in question.

Lastly, courts lack jurisdiction to review denial of remission petitions. See Taurus Records v. DEA, 259 F.3d 731, 735 (D.C. Cir. 2001); see also Reyna v. United States, 180 Fed. App'x 495, 496 (5th Cir. 2006) (finding that district court correctly ruled that it lacked jurisdiction to substantively review an administrative forfeiture where claimant received proper notice but filed only a remission petition rather than a legal claim). Because Petitioner elected to file only a petition seeking remission instead of a claim and that petition was denied, there is nothing for the Court to review.

Whatever contrary allegations Petitioner now puts forth, the Plea Agreement by and between Petitioner and the Government clearly did not contemplate the return of these seven firearms. Petitioner's insinuation that his plea was somehow predicated on the understanding that these forfeited firearms would be returned strains credulity. Government counsel's verbal representations at Petitioner's Rule 11 hearing could not then, nor can it now, undo an administrative forfeiture that was completed three years *before* the Rule 11 hearing occurred. Once the administrative forfeiture of the seven firearms was complete, Petitioner retained no property interest in them of which he could be deprived.

IT IS, THEREFORE, ORDERED that Petitioner's Motion to Return Property (Doc. No. 74) as to the seven firearms ATF denied for remission in 2003 is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's Motion to Return Property (Doc. No. 74) for three firearms—specifically, three Ingram M-10 machine guns—approved by ATF for remission in 2003 is **GRANTED**. In lieu of the weapons themselves, the agreed upon value of $19,485.00 shall be remitted to Petitioner in full satisfaction of his claim.

IT IS FURTHER ORDERED that the Government shall retain the right to seek and execute a writ attaching these funds and applying them to Petitioner's outstanding monetary penalty in this case.

**IT IS SO ORDERED.**

Signed: June 10, 2016

Frank D. Whitney
Chief United States District Judge